1  SCOTTLYNN J HUBBARD, SBN 212970
2  KHUSHPREET R. MEHTON, SBN 276827
   **DISABLED ADVOCACY GROUP, APLC**
3  12 Williamsburg Lane
   Chico, CA 95926
4  Telephone: (530) 895-3252
   Facsimile: (530) 894-8244
5  Email: USDCCentral@HubsLaw.com
6
   Attorneys for Plaintiff
7
8
9              UNITED STATES DISTRICT COURT
10             CENTRAL DISTRICT OF CALIFORNIA
11
12
13
14 MARTIN VOGEL,                    )  No.
                                    )
15      Plaintiff,                  )
                                    )  **Plaintiff's Complaint**
16      vs.                         )
                                    )
17 WARENT, LTD., LLC,               )
                                    )
18      Defendant.                  )
                                    )
19                                  )
                                    )
20 _____ )
21
22
23
24
25
26
27
28

SUMMARY

1. This is a civil rights action by plaintiff Martin Vogel (referred to hereinafter as "Vogel") for discrimination at the building, structure, facility, complex, property, land, development, and/or surrounding business complex known as:

VCA Airport Irvine Animal Hospital
1206 Bristol Street
Costa Mesa, CA 92626
(referred to hereinafter as "the Medical Establishment")

2. Vogel seeks damages, injunctive and declaratory relief, attorney fees and costs against Warent, Ltd., LLC (referred to hereinafter as "Warent") pursuant to the Americans with Disabilities Act of 1990 (42 U.S.C. §§ 12101 et seq.) and related California statutes.

JURISDICTION

3. This Court has original jurisdiction under 28 U.S.C. §§ 1331 and 1343 for ADA claims.

4. Supplemental jurisdiction for claims brought under parallel California law—arising from the same nucleus of operative facts—is predicated on 28 U.S.C. § 1367.

5. Vogel's claims are authorized by 28 U.S.C. §§ 2201 and 2202.

VENUE

6. All actions complained of herein take place within the jurisdiction of the United States District Court, Central District of California, and venue is invoked pursuant to 28 U.S.C. § 1391(b), (c).

PARTIES

7. Warent owns, operates, and/or leases the Medical Establishment, and consists of a person (or persons), firm, and/or corporation.

8. Vogel is a T-3 paraplegic as a result of a motorcycle accident in 1986 which left him unable to walk or stand and requiring the use of a wheelchair when traveling about in public. Consequently, Vogel is "physically disabled," as defined by all applicable California and United States laws, and a member of the public whose rights are protected by these laws.

## FACTS

9. The Medical Establishment is a service establishment, open to the public, which is intended for nonresidential use and whose operation affects commerce.

10. Vogel visited the Medical Establishment and encountered barriers (both physical and intangible) that interfered with—if not outright denied—his ability to use and enjoy the goods, services, privileges, and accommodations offered at the facility. To the extent known by Vogel, the barriers at the Medical Establishment included, but are not limited to, the following:

- The disabled parking space has slopes and/or cross slopes that are too steep. Without a level parking space, it is difficult for Vogel to load/unload/transfer from a vehicle as his wheelchair rolls and/or a lift's platform cannot sit level; and,
- The access aisles has slopes and/or cross slopes that are too steep, due mainly to an encroaching built-up curb ramp. Without a level access aisle, it is difficult for Vogel to load/unload/transfer from a vehicle as his wheelchair rolls and/or a lift's platform cannot sit level.

These barriers prevented Vogel from enjoying full and equal access.

11. Vogel was also deterred from visiting the Medical Establishment because he knew that the Medical Establishment's goods, services, facilities, privileges, advantages, and accommodations were unavailable to physically disabled patrons (such as himself). He continues to be deterred from visiting the

Medical Establishment because of the future threats of injury created by these barriers.

12. Vogel also encountered barriers at the Medical Establishment, which violate state and federal law, but were unrelated to his disability. Nothing within this complaint, however, should be construed as an allegation that Vogel is seeking to remove barriers unrelated to his disability.

13. Vogel would revisit the Medial Establishment if Warent removed the barriers identified above. Vogel visits his racing coach in Costa Mesa, California approximately two to three times per month. While there, he often shops and dines in the town. Vogel has visited the Store and plans to do so again once the above barriers are removed.

14. Warent knew that these elements and areas of the Medical Establishment were inaccessible, violate state and federal law, and interfere with (or deny) access to the physically disabled. Moreover, Warent has the financial resources to remove these barriers from the Medical Establishment (without much difficulty or expense), and make the Medical Establishment accessible to the physically disabled. To date, however, Warent refuses to either remove those barriers or seek an unreasonable hardship exemption to excuse non-compliance.

15. At all relevant times, Warent has possessed and enjoyed sufficient control and authority to modify the Medical Establishment to remove impediments to wheelchair access and to comply with the Americans with Disabilities Act Accessibility Guidelines and Title 24 regulations. Warent has not removed such impediments and has not modified the Medical Establishment to conform to accessibility standards.

# FIRST CLAIM

**Americans with Disabilities Act of 1990**

<u>Denial of "Full and Equal" Enjoyment and Use</u>

16. Vogel incorporates the allegations contained in paragraphs 1 through 15 for this claim.

17. Title III of the ADA holds as a "general rule" that no individual shall be discriminated against on the basis of disability in the full and equal enjoyment (or use) of goods, services, facilities, privileges, and accommodations offered by any person who owns, operates, or leases a place of public accommodation. 42 U.S.C. § 12182(a).

18. Warent discriminated against Vogel by denying "full and equal enjoyment" and use of the goods, services, facilities, privileges or accommodations of the Medical Establishment during each visit and each incident of deterrence.

<u>Failure to Remove Architectural Barriers in an Existing Facility</u>

19. The ADA specifically prohibits failing to remove architectural barriers, which are structural in nature, in existing facilities where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). The term "readily achievable" is defined as "easily accomplishable and able to be carried out without much difficulty or expense." <u>Id.</u> § 12181(9).

20. When an entity can demonstrate that removal of a barrier is not readily achievable, a failure to make goods, services, facilities, or accommodations available through alternative methods is also specifically prohibited if these methods are readily achievable. <u>Id.</u> § 12182(b)(2)(A)(v).

21. Here, Vogel alleges that Warent can easily remove the architectural barriers at Medical Establishment without much difficulty or expense, and that Warent violated the ADA by failing to remove those barriers, when it was readily achievable to do so.

22. In the alternative, if it was not "readily achievable" for Warent to remove the Medical Establishment's barriers, then Warent violated the ADA by failing to make the required services available through alternative methods, which are readily achievable.

<u>Failure to Design and Construct an Accessible Facility</u>

23. On information and belief, the Medical Establishment was designed or constructed (or both) after January 26, 1992—independently triggering access requirements under Title III of the ADA.

24. The ADA also prohibits designing and constructing facilities for first occupancy after January 26, 1993, that aren't readily accessible to, and usable by, individuals with disabilities when it was structurally practicable to do so. 42 U.S.C. § 12183(a)(1).

25. Here, Warent violated the ADA by designing or constructing (or both) the Medical Establishment in a manner that was not readily accessible to the physically disabled public—including Vogel—when it was structurally practical to do so.[1]

<u>Failure to Make an Altered Facility Accessible</u>

26. On information and belief, the Medical Establishment was modified after January 26, 1992, independently triggering access requirements under the ADA.

27. The ADA also requires that facilities altered in a manner that affects (or could affect) its usability must be made readily accessible to individuals with disabilities to the maximum extent feasible. 42 U.S.C. § 12183(a)(2). Altering an area that contains a facility's primary function also requires adding making the

---

[1] Nothing within this Complaint should be construed as an allegation that plaintiff is bringing this action as a private attorney general under either state or federal statutes.

*Vogel v. Warent, Ltd., LLC*
Plaintiff's Complaint

1  paths of travel, bathrooms, telephones, and drinking fountains serving that area
2  accessible to the maximum extent feasible. Id.

3  28. Here, Warent altered the Medical Establishment in a manner that violated the ADA and was not readily accessible to the physically disabled public—including Vogel—to the maximum extent feasible.

### Failure to Modify Existing Policies and Procedures

29. The ADA also requires reasonable modifications in policies, practices, or procedures, when necessary to afford such goods, services, facilities, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter their nature. 42 U.S.C. § 12182(b)(2)(A)(ii).

30. Here, Warent violated the ADA by failing to make reasonable modifications in policies, practices, or procedures at the Medical Establishment, when these modifications were necessary to afford (and would not fundamentally alter the nature of) these goods, services, facilities, or accommodations.

31. Vogel seeks all relief available under the ADA (*i.e.*, injunctive relief, attorney fees, costs, legal expense) for these aforementioned violations. 42 U.S.C. § 12205.

32. Vogel also seeks a finding from this Court (*i.e.*, declaratory relief) that Warent violated the ADA in order to pursue damages under California's Unruh Civil Rights Act or Disabled Persons Act.

### SECOND CLAIM

### Disabled Persons Act

33. Vogel incorporates the allegations contained in paragraphs 1 through 30 for this claim.

34. California Civil Code § 54 states, in part, that: Individuals with disabilities have the same right as the general public to the full and free use of the

streets, sidewalks, walkways, public buildings and facilities, and other public places.

35. California Civil Code § 54.1 also states, in part, that: Individuals with disabilities shall be entitled to full and equal access to accommodations, facilities, telephone facilities, places of public accommodation, and other places to which the general public is invited.

36. Both sections specifically incorporate (by reference) an individual's rights under the ADA. See Civil Code §§ 54(c) and 54.1(d).

37. Here, Warent discriminated against the physically disabled public—including Vogel—by denying them full and equal access to the Medical Establishment. Warent also violated Vogel's rights under the ADA, and, therefore, infringed upon or violated (or both) Vogel's rights under the Disabled Persons Act.

38. For each offense of the Disabled Persons Act, Vogel seeks actual damages (both general and special damages), statutory minimum damages of one thousand dollars ($1,000), declaratory relief, and any other remedy available under California Civil Code § 54.3.

39. He also seeks to enjoin Warent from violating the Disabled Persons Act (and ADA) under California Civil Code § 55, and to recover reasonable attorneys' fees and incurred under California Civil Code §§ 54.3 and 55.

THIRD CLAIM

**Unruh Civil Rights Act**

40. Vogel incorporates the allegations contained in paragraphs 1 through 30 for this claim.

41. California Civil Code § 51 states, in part, that: All persons within the jurisdiction of this state are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

42. California Civil Code § 51.5 also states, in part, that: No business establishment of any kind whatsoever shall discriminate against any person in this state because of the disability of the person.

43. California Civil Code § 51(f) specifically incorporates (by reference) an individual's rights under the ADA into the Unruh Act.

44. Warent's aforementioned acts and omissions denied the physically disabled public—including Vogel—full and equal accommodations, advantages, facilities, privileges and services in a business establishment (because of their physical disability).

45. These acts and omissions (including the ones that violate the ADA) denied, aided or incited a denial, or discriminated against Vogel by violating the Unruh Act.

46. Vogel was damaged by Warent's wrongful conduct, and seeks statutory minimum damages of four thousand dollars ($4,000) <u>for each offense</u>.

47. Vogel also seeks to enjoin Warent from violating the Unruh Act (and ADA), and recover reasonable attorneys' fees and costs incurred under California Civil Code § 52(a).

## FOURTH CLAIM

**Denial of Full and Equal Access to Public Facilities**

48. Vogel incorporates the allegations contained in paragraphs 1 through 13 for this claim.

49. Health and Safety Code § 19955(a) states, in part, that: California public accommodations or facilities (built with private funds) shall adhere to the provisions of Government Code § 4450.

50. Health and Safety Code § 19959 states, in part, that: Every existing (non-exempt) public accommodation constructed prior to July 1, 1970, which is altered or structurally repaired, is required to comply with this chapter.

51. Vogel alleges the Medical Establishment is a public accommodation constructed, altered, or repaired in a manner that violates Part 5.5 of the Health and Safety Code or Government Code § 4450 (or both), and that the Medical Establishment was not exempt under Health and Safety Code § 19956.

52. Warent's non-compliance with these requirements at the Medical Establishment aggrieved (or potentially aggrieved) Vogel and other persons with physical disabilities. Accordingly, he seeks injunctive relief and attorney fees pursuant to Health and Safety Code § 19953.

## PRAYER FOR RELIEF

WHEREFORE, Vogel prays judgment against Warent for:

1. Injunctive relief, preventive relief, or any other relief the Court deems proper.

2. Declaratory relief that Warent violated the ADA for the purposes of Unruh Act or Disabled Persons Act damages.

3. Statutory minimum damages under either sections 52(a) or 54.3(a) of the California Civil Code (but not both) according to proof.

4. Attorneys' fees, litigation expenses, and costs of suit.

5. Interest at the legal rate from the date of the filing of this action.

DATED: January 6, 2017          DISABLED ADVOCACY GROUP, APLC

                                                  */s/ Scottlynn J Hubbard*
                                                SCOTTLYNN J HUBBARD
                                                Attorney for Plaintiff